[No. 7,974—Department One.]

## J. E. CONDICT v. THE POLICE COURT OF SAN FRANCISCO.

INSPECTOR OF GAS METERS—CONSTITUTIONAL LAW—INSPECTING OFFICERS— CONSTRUCTION OF CONSTITUTION.—The office of Inspector of Gas Meters created by Pol. C., §§ 343, 368, 369, 577 et seq., was abolished by Section 14, Article xi of the Constitution.

CERTIORARI to the Police Court Number Two, of the City and County of San Francisco, and S. ROSENBAUM the Judge thereof.

The plaintiff was convicted in the Police Court of San Francisco of a misdemeanor in placing upon certain premises for measuring gas a meter which had not been inspected by and did not bear the seal of the Official Inspector of gas meters. After the decision the defendant applied for a rehearing in Bank, and the application was denied.

*Alexander Campbell, Sr., Claude L. Smith,* and *Columbus Bartlett,* for Plaintiff.

*A. L. Hart,* Attorney General, and *L. D. Latimer,* for Defendant.

Ross, J.:

At the time of the adoption of the present Constitution there was not in existence in California, as there was in New York at the time of the adoption of the Constitution of that State of 1846, a class of officers charged with the duty of inspecting, weighing, measuring, and gauging certain classes of the productions of the soil, of manufacture, and of mechanical industry, against which was aimed that provision of the Constitution of New York, which declared: "All officers for the weighing, gauging, measuring, culling, or inspecting of any merchandise, produce, manufacture, or commodity whatever, are hereby abolished." (*Tinkham* v. *Tapscott,* 17 N. Y. 141.) There was, however, in existence here the office of State Inspector of Gas, the residence of the incumbent of which was, by statute, fixed at the City of San Francisco.

Section 14 of Article xi of the Constitution provides: "No State office shall be continued or created in any county, city, town, or other municipality, for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity, but such county, city, town, or municipality may, when authorized by general law, appoint such officers." The question before us is, whether this provision of the Constitution abolishes the office of State Inspector of Gas-meters. By it not only is the Legislature prohibited from creating in the future

any State office for any of the purposes therein mentioned, but it is also declared that no such office shall be *continued.* Some *existing* office must, therefore, have been in the mind of the framers of the Constitution.

While it is true that the Inspector of Gas-meters does not, in one sense, measure every foot of gas consumed by the various consumers of that commodity, he nevertheless adjusts that which does measure it, namely, the meter. In other words, he fixes the measure and, in our opinion, measures it in the sense of our Constitution. Unless the framers of that instrument meant such an office as this, they could not have meant anything when they said that "no State office shall be *continued* * * * in any county, city, town, or other municipality, for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity;" for, as already said, there was no office then in existence under our laws charged with the duty of otherwise inspecting, measuring, or grading any commodity, or of inspecting, measuring, or grading any particular article of merchandise or manufacture.

The design of the section of the Constitution in question is in keeping with its general purpose that matters of a local interest shall be regulated and controlled by officers selected by the people of the particular locality. The continuing in office of a Meter Inspector, appointed by the Governor, and whose residence is fixed at the City of San Francisco, who should have the regulation and control of all gas-meters in all the cities and towns in the State, would do violence to this general purpose, and so the Convention adopted the section in question, abolishing all State offices then in existence, and prohibiting the creation of any in the future for the inspection, measurement, or graduation of any merchandise, manufacture, or commodity in any county, city, town, or other municipality, but expressly conferring upon such county, city, town, or municipality, when authorized by general law, the power to appoint such officers.

Judgment annulled.

McKINSTRY, J., and MCKEE, J., concurred.